GEORGE HOWK *v.* O. D. McMANAMA.

Evidence—Declarations Admissible, made at time of Transaction.

Declarations made at the time of the transaction, and expressive of its character, motive or object, are regarded as verbal acts, indicating a present purpose and intention, and are therefore admitted in proof like any other material facts.

APPEAL FROM GRANT CIRCUIT COURT.

June 21, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The court gave the only instruction appellant asked for, and if the one given on motion of appellee was erroneous, we could not reverse the judgment for that error, because the instruction was not objected to by appellant when it was offered. Nor can we regard the verdict as so palpably against the evidence as to authorize us to interpose and award a new trial. The case is then narrowed down to one question, and that is, did the court below err in excluding as evidence from the jury the following statement in Goodwin's deposition, and Howk "said when he started, he intended to settle with McManama, and take his note when Howk returned he showed me a note signed by McManama in pencil; on the note was a memorandum to the effect if the note was not right, the account should be opened again." The main fact in issue in this case is, was the paper sued on executed by appellee?

Whether the declarations offered in evidence by him, and rejected by the court, are competent, depends upon whether they were made at the time facts kindred to the main fact transpired, and are so connected with them that the whole harmonize and form one transaction.

At the time the paper purports to have been executed, it clearly appears from the evidence that appellee was indebted to appellant in the sum claimed by him; he left the witness Goodwin for some purpose, and after being absent how long is not explained, he returned and exhibited a paper partly written

in pencil, and partly with pen and ink, to him with the name of appellee (not spelled perhaps as he spells his name), but the paper then exhibited corresponds with the one sued on in the manner of its execution, and amount, and containing as this one does the reservation of the right to open the transaction if appellee should discover that there was any error in it. The note is entered on appellant's book, and the account closed in that way. The absence and the return of appellant corresponding in time with the date of the paper, his exhibition of it to the witness, the entry on the book, and the indebtedness of appellee, were all facts susceptible of proof.

Now were the declarations offered in proof so connected with the main fact in issue as to illustrate the motive and object of appellant in what he did, and to entitle him to the benefit of them as evidence.

In section *10R, Vol. 1, Greenleaf on Evidence,* it is said:

> "Declarations made at the time of the transaction, and expressive of its character, motive or object, are regarded as 'verbal acts' indicating a present purpose and intention, and are therefore admitted in proof like any other material facts."

Upon authority and principle, it appears that the statements rejected by the court below were competent evidence, and should have been admitted, as constituting connecting links of the same transaction.

Wherefore, the judgment is reversed, and the cause is remanded with directions to award a new trial, and for further proceedings consistent herewith.

*Smith, Scott,* for appellant.

*McManama,* for appellee.